THE STATE OF MONTANA, ex rel. ED CONRAD et al., Relators, v. RAY MANAGHAN, as Assessor of Flathead County, Montana et al., Respondents,

No. 12072.
Decided August 17, 1971.
487 P.2d 1322.

Risken & Scribner, Helena, A. William Scribner, argued, Helena, Robert N. Helding, Missoula, argued, for relators.

James Oleson, County Atty., Kalispell, M. Dean Jellison, argued, Kalispell, E. Jene Bell, argued, State Board of Equalization, Helena for respondents.

PER CURIAM:

This action arises by supplemental applications, one for issuance of an order of contempt, the other for what is called an application for supplemental decision. On June 7, 1971, 157 Mont. 335, 485 P.2d 948, this Court issued its judgment and decision in the above cause, which, among other things, granted a declaratory judgment in favor of the relators and against the respondents herein and which directed the issuance of a writ of prohibition commanding the respective assessors and county commissioners of Flathead, Lake, Lincoln, Mineral and Sanders counties to value and assess timberlands in accordance with the directive of the State Board of Equalization dated November 19, 1970.

In our opinion we stated as follows:

"The basic occurrences forming the background of the present suit are not in dispute. On October 9, 1967, the State Board of Equalization issued a directive setting forth a comprehensive formula for the computation of values of timberlands and prescribing the use of such formula as a basis for assessment of such lands for ensuing taxable years. This formula applied to all counties except Flathead which adopted a different system with the approval of the State Board of Equalization; this separate system resulted in assessments substantially in line with those obtained by the Board formula. In our view, the position of Flathead County in this appeal is no different from the other counties involved."

All counties complied with the directive save and except Flathead County, which complied in part.

Flathead County as noted in our opinion had two systems, the so-called separate system involving a system called for brevity the "cruise system." This cruise system allegedly achieved assessments substantially in line with those obtained by the

Board formula. As to this "cruise system," Flathead County chose to ignore, in effect, the Board's formula and apply its own formula. Flathead County has relied in part on the technicalities of notice and formal approval or lack of approval of its previous procedures. We shall return to the manner of Flathead County's assessment in a moment.

The taxpayers, relators herein, filed an affidavit seeking an order of contempt against the named officials of Flathead County. We issued an Order to Show Cause ex parte the same day. That same day we received an application for a supplemental decision from Flathead County seeking a "clarification" of our original opinion as it applied to the separate "cruise system."

Following our opinion on June 7, 1971, Flathead County had written the State Board on June 15, 1971, seeking clarification. They did not receive a response for six weeks, when on July 27, 1971, the State Board directed the application of its formula be applied to the "cruise system."

In the meantime, Flathead County had gone forward with its assessment, which by law was required to be completed by the second Monday in July. As an aside, we wonder why the State Board did not forthwith respond to the inquiry of June 15. To the extent that Flathead County may have relied on a prompt response from the State Board, they individually would not have been knowingly flaunting our opinion. However, insofar as the individual taxpayers are concerned, they knew nothing of this and were entitled to rely on our opinion.

But, herein we shall not make any finding of contempt, but rather, shall make a definitive order to clarify the duties of Flathead County and its officials.

We shall return now to the manner in which Flathead County treated the "cruise system" lands. Flathead simply dropped its own "land value" as separate from its "timber value" and added to the "timber value" an acreage figure of $7.50 per acre for "good grade," $4.50 per acre for "medium grade" and $1.50 per acre for "poor grade." These are the exact figures prohibited by our opinion.

Rather, Flathead County should apply the State Board's formula; that is, $1.65 per acre, $1.00 per acre, and $0.40 per acre for "favorable," "average" and "difficult" site classes for increases to its land values. Flathead County officials, named above, are hereby directed forthwith to correct their assessments accordingly.

Costs of this action are awarded to relators.